PER CURIAM.
This suit was instituted by Mrs. Lavon Crain, who is the present Assessor for Washington Parish and a candidate for that office in the forthcoming Democratic Primary and against the Washington Parish Democratic Executive Committee and Mr. Curtis Thomas. Mr. Thomas is the present Registrar of Voters of Washington Parish and also a candidate for Assessor. *753 Mrs. Crain filed a protest with the Democratic Committee alleging that Mr. Thomas is ineligible to run on the grounds that his candidacy violates Article 8, Section 18 of Sub-paragraph F[1] of the Constitution of Louisiana and on the statutory grounds that his candidacy also violates L.R.S. 18:6.1 [2] and L.R.S. 18:9 [3].
The Democratic Committee disallowed Mrs. Crain’s protest and she instituted this suit in accordance with L.R.S. 18:364. The Committee filed no answer and took no part in these proceedings; however, Mr. Thomas as a party defendant in the proceedings filed answer and through counsel strenuously opposed the position of Mrs. Crain.
The trial judge in written reasons for judgment held that the aforecited constitutional and statutory provisions were valid and that Mr. Thomas is barred from seeking the office of Assessor and that the decision of the Democratic Committee rejecting Mrs. Crain’s protest be reversed. Further, the judge a quo issued a mandatory injunction ordering the Democratic Executive Committee to reject the application of Mr. Thomas and to refrain from placing the latter’s name on the voting machines or ballots of Washington Parish for the office of Assessor in the Democratic Primary to be held on November 6, 1971. Counsel for Mr. Thomas argues that the aforementioned constitutional and statutory provisions violate the equal protection clause of the Fourteenth Amendment of the United States Constitution and invidiously discriminate against him. He argues that Article 8, Section 18, Sub-paragraph F, supra, is vague, indefinite, subject to two interpretations and the restriction therein contained is no longer necessary because the office itself is now merely an administrative one and the purported political advantage which might once warrant the objected to restriction is no longer present. We do not agree with these contentions. The constitutional provision and the statutes referred to have for their purpose the elimination of the registrar from partisan political activity. It seeks to afford a registrar the opportunity to impartially and fairly administer the duties of his office without fear of or fretted by partisan political demands of others.
We have carefully examined the authorities cited by counsel for Mr. Thomas and *754 find that the facts contained in each are not apposite to those in the instant matter and are therefore not controlling.
In Wisconsin State Employment Association v. Wisconsin National Resources Board, 298 F.Supp, 339 (D.C.1969), a case which involved political activity by a civil service employee who sought elective office, the court stated:
“The sole issue squarely posed is whether the relinquishment of the right to run for partisan political office can constitutionally be made a condition of public employment.
“In United Public Workers v. Mitchell, supra, the United States Supreme Court held that the relinquishment of the right to serve as a ward executive committeeman of a political party, to be politically active at the polls on election day, and to serve as a paymaster for the services of other party workers could constitutionally be made a condition of public employment. While there may be some dispute as to whether active candidacy for partisan office by a public employee is somewhat more or somewhat less dangerous to the public service than service as a ward executive committeeman, poll worker, and paymaster of a political party, it is clear that these are comparable activities. United Public Workers v. Mitchell, supra, is controlling here.
******
“We conclude that the relinquishment of the right to run for partisan political office can constitutionally be made a condition of public employment.”
It is apparent to us that Article 8, Section 18, Sub-paragraph F places a condition upon any one desiring to serve as a Parish Registrar of Voters, i. e., that he relinquish any right to run for political office while actively serving as Registrar of Voters or within twelve months after “vacating” the office. See also Ricks v. Department of State Civil Service, 200 La. 341, 8 So.2d 49 (1942).
Accordingly, for the above and foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.

. F. Should a registrar be not appointed by December 15, 1921, or any subsequent vacancy be not filled, within thirty days after its occurrence, by the above constituted authority, a majority of the members of the board of registration shall appoint and the governor shall commission a registrar of voters in each parish which has none. No registrar of voters shall he elected to any other office within twelve months after vacating that of registrar. (Emphasis ours.)

. § 6.1 Political activities prohibited
No registrar of voters, deputy registrar, clerk of other employee of any registrar of voters shall, while holding office
(1) Directly or indirectly pay or promise to pay any assessment, subscription or contribution for any political organization or purpose, or solicit or take any part in soliciting any such assessment, subscription, or contribution, nor shall any person solicit any such assessment, subscription or contribution of any employee in the classified service.
(2) Be a member of any national, state, or local committee of a political party, or an officer or member of any faction, political club or organization, or a candidate for nomination or election to any public office, or make any political speech or public political statement in behalf of any candidate, faction or party as a part of any political campaign for the nomination or election of public officers, or take part in the management or affairs of any political faction or party or in any political campaign, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner at the polls in any election, and to cast his vote for whom he pleases.

.§ 9. Ineligibility to hold other elective or appointive public office
No registrar, deputy registrar, or permanent employee shall be eligible, during incumbency, to hold any other elective or appointive public office under the state or under any parish or municipality. Amended by Acts 1954, No. 541, § 1.